
RECEIVED
IN MONROE, LA
APR 2 4 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 06-30043-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| TRANSEL DUNN | MAG. JUDGE KAREN L. HAYES |

## RULING

This case is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On March 16, 2007, Defendant Transel Dunn ("Dunn") pled guilty to conspiracy to possess with the intent to distribute and to distribute crack cocaine. Following Dunn's conviction, the United States Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence Report. The Probation Officer determined that Dunn's term of imprisonment under the United States Sentencing Guidelines was a statutory minimum of 120 months.

Prior to Dunn's sentencing hearing, on November 1, 2007, the United States Sentencing Commission's ("Sentencing Commission's") Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base or crack offenses.

On December 3, 2007, after Amendment 706 took effect, this Court sentenced Dunn to 120 months imprisonment. A Judgment imposing that term of imprisonment was signed on December 7, 2007.

On July 7, 2008, Dunn filed a *pro se* motion for retroactive application of the amended Sentencing Guidelines. [Doc. No. 236].

On July 8, 2008, the Court issued a minute entry appointing the Office of the Federal Public Defender to represent Dunn and informing him that the Court would consider cases under § 3582(c)(2) in order of each defendant's date of release. [Doc. No. 237].

In a March 3, 2009 Order [Doc. No. 245], the Court reviewed Dunn's Guideline calculations and indicated that it did not intend to reduce Dunn's term of imprisonment because he remains subject to a statutory minimum sentence of 120 months. Dunn and the Government were ordered to file any objections within sixty (60) days.

On April 13, 2009, Dunn filed a *pro se* request for hearing and objections to the recalculations [Doc. No. 246], despite being represented by the Office of the Federal Public Defender.

On April 23, 2009, Dunn's counsel moved to withdraw. [Doc. No. 247]. The Court granted her motion.

The deadline for a response to the Court's March 3, 2009 Order has not expired, and the Government has not yet filed its response.

However, the Court finds that it is appropriate to issue a ruling and order without waiting for any further briefing. Because the Court allowed Dunn's counsel to withdraw, the Court has considered Dunn's own memorandum and the record in this matter.

As the Court's previous Order stated, Dunn is subject to a mandatory minimum sentence of 120 months. For that reason alone, his term of imprisonment cannot be reduced under § 3582(c)(2). More importantly, Dunn was actually sentenced **after** Section 2D1.1 had been amended. There is no need for "retroactive" application of the amendments already in place at the time of Dunn's sentencing. The Court will not reduce Dunn's sentence, and he

must serve the term of imprisonment previously imposed.

MONROE, LOUISIANA, this 24 day of April, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE